IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.                                 CASE NO. 5:15-cv-232/MP/GRJ

D. MADDOX, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Foster and Johnson's Motion to Dismiss Plaintiff's Complaint. ECF No. 58. Plaintiff has filed a response in opposition to Defendants' motion (ECF No. 60) and the motion is otherwise ripe for review. For the reasons explained below, Defendants' motion to dismiss should be granted in part and denied in part.

### I. BACKGROUND AND ALLEGATIONS

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC") at Northwest Florida Reception Center ("NFRC"), initiated this case on September 2, 2015, by filing a *pro se* complaint asserting claims against six defendants– Maddox, Silcox, Grier, Johns, Johnson, and Foster– in their individual and official capacities. (ECF No.

1.) Plaintiff subsequently filed an amended complaint, ECF No. 20, which was stricken by the Court. (ECF No. 21.) In Plaintiff's first and operative complaint Plaintiff asserts that Defendants violated his First and Eighth Amendment rights by denying him meals and medical care in retaliation for talking and filing grievances. (ECF No. 1.)

The Court directed service of the Complaint on four of the Defendants, including Defendants Foster and Johnson.[1] Defendants Foster and Johnson subsequently filed a motion to dismiss. (ECF No. 58.)

Plaintiff alleges that he has been denied meals a total of 28 times, causing him to lose more than 50 pounds. (ECF No. 1 at 12.) Defendant Johnson allegedly denied Plaintiff seven meals in retaliation for talking. (*Id.* at 8.) Defendant Johnson informed Plaintiff that he was following his boss, Defendant Silcox's, instructions to deny inmates the "privilege" to eat a meal if they were caught violating the dining hall's no-talking policy. (*Id.*) Plaintiff alleges Defendant Foster also denied Plaintiff four meals for talking and has used "abusive language," which "violently threaten[ed]" Plaintiff.

---

[1] The Court declined to serve Defendants Maddox and Silcox because Plaintiff failed to state a claim for relief against those Defendants. (ECF No. 41; ECF No. 42; ECF No. 7 at 1, n.1). Defendant Grier was served but subsequently dismissed from the case. (ECF Nos. 26–27.) Although there has been an attempt to serve Defendant Johns, the Court has been unable to direct service as of the date of this Report and Recommendation. (ECF No. 68.)

(*Id.* at 9.)

According to Plaintiff, on April 30, 2015, Defendant Johnson cancelled Plaintiff's sick call appointment, "claiming Plaintiff's name was not on the list." (*Id.* at 8.) Sergeant Spooner checked the sick call list and later informed Plaintiff that he indeed had an appointment. (*Id.*) Plaintiff says the denial of medical treatment has caused him "irreparable nerve related illnesses that are now life threatening." (*Id.* at 13.) Plaintiff has filed numerous formal and informal grievances related to the denial of meals and medical care. (*Id.* at 1–2.)

Plaintiff claims that Defendants Foster and Johnson retaliated against him for talking and filing grievances in violation of the First Amendment right to free speech and the right to petition the government for a redress of grievances, acted with deliberate indifference to Plaintiff's health, and denied Plaintiff meals and medical attention in violation of the Eighth Amendment prohibition on cruel and unusual punishment. (*Id.* 11–12.) Plaintiff further contends that the abuse by all defendants "continues in a form of retaliation for filing [grievances against] the violations of officers['] abuse." (*Id.* at 7.) As relief, Plaintiff seeks declaratory judgment, injunctive relief, and compensatory and punitive damages against each defendant. (*Id.* at 13.)

## II.  STANDARD OF REVIEW

The Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g*, *Jackson v. Okalossa Cnty., Fla.*, 21 F.3d 1531, 1532, 1534 (11th Cir. 1994). While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR*

*Invs v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal).*

## III.  DISCUSSION

### A.  *Eleventh Amendment Immunity*

Defendants argue that the Eleventh Amendment bars Plaintiff from suing Defendants in their official capacities for monetary relief. (ECF No. 58 at 7–8.)  Defendants are correct.

A suit against a state official in his official capacity is a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The Eleventh Amendment prohibits a suit against the State absent the State's consent to the suit. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978). Florida has not waived its sovereign immunity or consented to be sued in damage suits brought under § 1983. See § 768.28(18), Fla. Stat.; *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986).  Accordingly, Plaintiff's claims against Defendants in their official capacities for damages should be dismissed.

Defendants' motion to dismiss, however, does not seek dismissal of Plaintiff's claims against Defendants in their individual capacities. Thus, to the extent that Plaintiff's claims are interpreted as bringing suit against

Defendants in their individual capacities, Plaintiff's claims survive the motion to dismiss.

### *B.  Requested Relief*

Defendants contend that Plaintiff's claims fail because he is not entitled to the relief sought. Specifically, they argue that Plaintiff has not alleged a physical injury to seek compensatory and punitive damages. Further, they argue that Plaintiff is not entitled to injunctive or declaratory relief.

#### *1.  Compensatory and Punitive Damages*

The Prison Litigation Reform Act "PLRA", precludes a prisoner plaintiff from recovering compensatory and punitive damages in the absence of a physical injury. 42 U.S.C. § 1997e(e); *see also Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (discussing how compensatory and punitive damages are not recoverable without a physical injury). To satisfy § 1997e(e)'s physical injury requirement, the physical injury must be more than *de minimis*, but need not be significant. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc).

Contrary to Defendants' contention, Plaintiff's complaint sets out sufficient facts alleging physical injury. Plaintiff alleges that Defendants

subjected him to abuse by depriving Plaintiff of food and medical care. (ECF No. 1 at 7–9.) He claims that the food deprivation has caused a 50-pound weight loss and the denial of medical treatment has caused Plaintiff "life threatening," "irreparable nerve related illnesses." (*Id.* at 12–13.) Thus, at the motion to dismiss stage, Plaintiff has alleged adequately a physical injury to seek compensatory and punitive damages. *See Thompson v. Fla. Dep't of Corr.*, 551 Fed. Appx. 555, 556–57 (11th Cir. 2014) (finding that the plaintiff's symptoms, including weight loss and a number of other medical issues, amounted to "continuing severe physical pain," which was "perhaps not significant," but nonetheless "rose above the *de minimis* threshold.") Accordingly, Plaintiff's claims for compensatory and punitive damages are not subject to dismissal at this juncture.

In addition, Plaintiff is also entitled to seek nominal damages for his First Amendment and Eighth Amendment claims. The Court may liberally construe Plaintiff's *pro se* complaint to request nominal damages, considering "[n]ominal damages are appropriate [when] a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Williams v. Brown*, 347 Fed. Appx. 429, 436 (11th Cir. 2009) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)). *See also*

*Brooks v. Powell*, 800 F.3d 1295 (11th Cir. 2015) (holding that an inmate was entitled to seek nominal damages for his Eighth Amendment claim even though he did not allege a specific physical injury resulting from his claim). Thus, Plaintiff's claims for damages are not subject to dismissal.

### 2. *Injunctive and Declaratory Relief*

The Eleventh Amendment bars a plaintiff from seeking monetary relief from defendants in their official capacities, but does not bar a plaintiff from seeking injunctive or declaratory relief. *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). *See also*, *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (Federal courts are permitted "to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law."); *Bradley v. Hart*, No. 5:13-cv-127, 2015 U.S. Dist. LEXIS 28578, 2015 WL 1032926, at *4 (S.D. Ga. Mar. 9, 2015) ("To be clear, a 'state defendant[ ] sued in [his] official capacity for monetary damages under § 1983 [is] immune from suit under the Eleventh Amendment, [but he is] not immune from claims seeking prospective declaratory or injunctive relief.'") (quoting *Smith v. Fla. Dep't of Corr.*, 318 F. App'x 726, 728 (11th Cir. 2008)).

Nonetheless, "because injunctions regulate future conduct, a party

has standing to seek injunctive relief only if the party alleges . . . a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).

For the following reasons, Plaintiff has failed to allege a basis for injunctive relief. First, Plaintiff's allegation that the abuse "continues in a form of retaliation for filing [grievances against] the violations of officers['] abuse," (ECF No . 1 at 7), is a conclusory allegation insufficient to suggest a real and immediate threat of future injury.

Second, the Court cannot enter an injunction generally requiring a party to obey the law. The closest Plaintiff comes to describing claims, which may be eligible for injunctive or declaratory relief, are his allegations related to NFRC's blanket no-talking policy and the retaliatory denial of food when the policy has been violated. (ECF No. 1 at 6–7.) In some cases, the deprivation of food as a disiplary measure has been held to violate inmates' Eighth Amendment rights. *See, e.g., Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) ("[W]hile no court has explicitly held that denial of food is a per se violation of a prisoner's Eighth Amendment rights, under certain circumstances a substantial deprivation of food may well be

recognized as being of constitutional dimension"); *Moss v. Ward*, F. Supp. 591, 596–97 (W.D.N.Y. 1978) (deprivation of food for four days held to be unconstitutionally disproportionate punishment for violation of a disciplinary rule). But even if Plaintiff can prove that the denial of his meals constitutes an Eighth Amendment violation, Plaintiff is not entitled to injunctive or declaratory relief because it is improper to issue a broad injunction or declaration merely requiring an individual to obey the law. *See SEC v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable." (quoting *Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1222 (11th Cir. 2000))).

Accordingly, Plaintiff's request for declaratory and injunctive relief should be dismissed.

### C. *Abusive and Threatening Language*

Defendants argue that Plaintiff fails to state a claim against Defendant Foster for the use of abusive and threatening language. Plaintiff alleges that Defendant Foster has used "profane, abusive language" towards plaintiff, effectively threatening Plaintiff and almost initiating physical confrontation. (ECF No. 1 at 9.) However, verbal threats alone, absent the carrying out of those threats, are insufficient to state a

constitutional violation. *Hernandez v. Fla. Dep't Of Corr.*, 281 Fed. Appx. 862, 866 (11th Cir. 2008) (citing *Edwards v. Gilbert*, 867 F. 2d 1271, 1274 n.1 (11 th Cir. 1989) ("[V]erbal taunts . . . however distressing" do not deprive an inmate of his constitutional rights.)) Plaintiff does not allege that Defendant Foster followed through with any of the alleged threats. Accordingly, any claim premised on Plaintiff's allegations that Defendant Foster subjected him to abusive and threatening language should be dismissed.

### D. First and Eighth Amendment Claims

With the exception of Defendants' argument against any claim related to Defendant Foster's use of abusive and threatening language, Defendants do not proffer any substantive arguments sufficient to dismiss Plaintiff's First or Eighth Amendment claims against Defendant Foster or against Defendant Johnson in their individual capacities. Defendants instead merely argue that Plaintiff is not eligible for any sought-after relief. As discussed above, however, Plaintiff is entitled to seek damages on his First and Eighth Amendment claims against Defendants in their individual capacities. Defendants' motion to dismiss, therefore, should be denied with respect to Plaintiff's First and Eighth Amendment claims against Defendants in their individual capacities.

## IV. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants Foster and Johnson's Motion to Dismiss Plaintiff's Complaint, ECF No. 58, should be **GRANTED IN PART** for failure to state a claim upon which relief can be granted, and **DENIED IN PART**.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of October, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**