IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.   CASE NO. 5:15-cv-232-WTH-GRJ

DERRICK JOHNSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 76, Plaintiff's Motion for Summary Judgment. Defendants have filed a response in opposition, ECF No. 80, and the motion is therefore ripe for review. For the reasons explained below, it is recommended that the motion for summary judgment be denied.

### I.  INTRODUCTION

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC") at Northwest Florida Reception Center ("NWFRC"), initiated this case on September 2, 2015, by filing a *pro se* complaint asserting claims against six defendants—Maddox, Silcox, Grier, Johns, Johnson, and Foster—in their individual and official capacities. (ECF No.

1.)[1]

In his complaint, Plaintiff alleges that he has been denied meals a total of 28 times, causing him to lose more than 50 pounds. (ECF No. 1 at 12.) Defendant Johnson allegedly denied Plaintiff seven meals in retaliation for talking. (*Id.* at 8.) Defendant Johnson informed Plaintiff that he was following his supervisor's instructions to deny inmates the "privilege" to eat if they were caught violating the chow hall's no-talking policy. (*Id.*) Plaintiff says Defendant Foster also denied Plaintiff four meals for talking. (*Id.* at 9.)

Furthermore, Plaintiff says that on April 30, 2015, Defendant Johnson cancelled Plaintiff's sick call appointment, "claiming Plaintiff's name was not on the list." (*Id.* at 8.) Sergeant Spooner checked the sick call list and later informed Plaintiff that he indeed had an appointment. (*Id.*) Plaintiff says the denial of medical treatment has caused him "irreparable nerve related illnesses that are now life threatening." (*Id.* at 13.) Plaintiff has filed numerous formal and informal grievances related to the denial of meals and medical care. (*Id.* at 1–2.)

Plaintiff claims Defendants retaliated against Plaintiff for talking and filing grievances in violation of the First Amendment, acted with deliberate

---

[1] Plaintiff subsequently filed an amended complaint, ECF No. 20, which was stricken by the Court. (ECF No. 21.)

indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and denied Plaintiff meals in violation of the Eighth Amendment. (*Id.* at 11.)

On October 7, 2015, the Court directed service of the Complaint on four of the Defendants, including Defendants Foster and Johnson.[2] Then on December 31, 2015, Plaintiff filed a motion for entry of default. (ECF No. 30.) Plaintiff argued that more than sixty (60) days had passed since Defendants were served, yet they had failed to answer or otherwise defend. (*Id.*) The Court denied Plaintiff's motion because the docket did not reflect that any returns of service had been filed for Defendants Johnson or Foster. (ECF No. 34.); *see also* Fed. R. Civ. P. 4(l) (unless service is waived, proof of service must be made to the court). Thus, there was no evidence on the record that Defendants Johnson or Foster had been served properly. (ECF No. 34.)

On March 9, 2016, proof of service was filed on the docket evidencing that Defendant Foster had been served on March 2, 2016.

---

[2] The Court declined to serve Defendants Maddox and Silcox because Plaintiff failed to state a claim for relief against those Defendants. (ECF No. 41; ECF No. 42; ECF No. 7 at 1, n.1). Defendant Grier was served but subsequently dismissed from the case. (ECF Nos. 26–27.) Although there has been an attempt to serve Defendant Johns, the proper individual could not be identified and the Court subsequently granted Plaintiff's motion to voluntarily dismiss Defendant Johns from the case as well. (ECF No. 71.)

(ECF No. 41.) Accordingly, Defendant Foster's answer was due by May 2, 2016. That same day, proof of service was also filed on the docket evidencing that Defendant Johnson had been served on October 29, 2015. (ECF No. 42.) Because an appearance had not been entered on behalf of Defendant Johnson nor had an answer been filed, the Court issued an order directing the FDOC to notify the Court by April 9, 2016, as to whether the FDOC would be entering an appearance on behalf of Defendant Johnson. (ECF No. 43.)

On March 14, 2016, counsel entered an appearance on behalf of Defendant Foster. (ECF No. 45.) Then on March 16, 2016, counsel entered an appearance on behalf of Defendant Johnson and a motion for extension of time until May 2, 2016, for Defendant Johnson to file his response to Plaintiff's complaint. (ECF Nos. 46–47.) Counsel explained that Defendant Johnson's response had not been timely filed due to administrative oversight and delay in administrative processing. (ECF No. 47.)

The Court granted Defendant Johnson's request for extension of time to file his response. (ECF No. 48) The Court explained that under Fed. R. Civ. P. 6(b)(1)(B), Defendant Johnson had shown excusable neglect for failing to timely file a response and good cause for an extension of time.

(*Id.*)

On May 2, 2016, Defendants Foster and Johnson ("Defendants") filed a timely motion for extension of time to respond to Plaintiff's complaint. (ECF No. 56.) The Court granted the motion and extended their deadline to May 23, 2016. (ECF No. 57.) Then on May 23, 2016, Defendants timely filed a motion to dismiss. (ECF No. 58.)

On September 22, 2016, Plaintiff filed a motion for leave to file amended request for entry of default for failure to answer the complaint. (ECF No. 63.) Plaintiff alleged that Defendants failed to timely answer the complaint. (*Id.*) The Court denied Plaintiff's motion on September 30, 2016, explaining that under Fed. R. Civ. P. 12, a defendant may serve a motion to dismiss for failure to state a claim as a responsive pleading in lieu of an answer. (ECF No. 64.) Defendants had timely filed a motion to dismiss, which was still pending with the Court. (*Id.*) Accordingly, Plaintiff was not entitled to an entry of default under Fed. R. Civ. P. 55(a). (*Id.*)

Nonetheless, on October 19, 2016, Plaintiff filed another motion for entry of default for Defendants' failure to answer the complaint. (ECF No. 70.) The Court denied the motion for the same reasons stated in its September 30, 2016 order. (ECF No. 71.)

On December 6, 2016, the Court granted Defendants' motion to

dismiss in part, thereby dismissing Plaintiff's claims for declaratory and injunctive relief, as well as any Eighth Amendment claims premised on Defendants' alleged abusive and threatening language. (ECF Nos. 69, 73.) Defendants subsequently filed their answers to the complaint on December 19, 2016. (ECF No. 74.) Accordingly, the Court issued a case management and scheduling order on December 20, 2016, setting the deadlines for discovery and dispositive motions as March 20, 2017, and April 9, 2017, respectively. (ECF No. 75.) Plaintiff subsequently filed the instant motion for summary judgment on December 30, 2016. (ECF No. 76.)

## II. **<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

As an initial matter, Plaintiff's motion is difficult to decipher. Nonetheless, he appears to argue that Defendants failed to timely answer his complaint, and when they did, they failed to answer any of the allegations in Plaintiff's complaint. Plaintiff therefore argues that Defendants failed to defend thereby warranting judgment as a matter of law in Plaintiff's favor. At the same time, however, Plaintiff acknowledges that Defendants admitted some of Plaintiff's allegations. He further specifies the points on which Defendants (in their answer) incorrectly denied the factual allegations Plaintiff made in his complaint. Plaintiff also

attaches various grievances to his motion supporting his claims. He argues that evidentiary support for his claims can be found in video footage, declarations, and witness testimony—but does not provide the alleged evidence.

### III. SUMMARY JUDGEMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988). But, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (internal quotations and citations omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (to defeat summary judgment "there must be evidence on which the jury could

reasonably find for the plaintiff") "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## IV. <u>DISCUSSION</u>

Plaintiff is not entitled to summary judgment. Plaintiff has failed to demonstrate that there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law.

To the extent Plaintiff argues Defendants failed to timely answer his complaint, and therefore that his allegations must be accepted as true, Defendant is wrong. The Court denied Plaintiff's prior motions for entry of default. Defendants timely filed their motion to dismiss under Fed. R. Civ. P. 12(b)(6), prior to filing their responsive pleading. The fact that Defendants filed a motion to dismiss does not somehow render Plaintiff's allegations true.

Moreover, after the Court granted the motion to dismiss in part, Defendants timely filed their answer to the complaint within fourteen days. *See* Fed. R. Civ. P. 12(a)(4)(A). Nothing in Defendants' answer evidences a failure to defend. Defendants state they "deny all allegations contained in the complaint unless specifically admitted herein." (ECF No. 74 at 1.) Defendants then go through each section of the complaint admitting and denying various assertions in Plaintiff's complaint. (ECF No. 74.) Finally, Defendants assert their defenses to Plaintiff's claims. (*Id.*) Plaintiff's assertion that Defendants failed to answer any of the paragraphs in his

complaint is entirely false.

Plaintiff has failed to demonstrate that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law on his First or Eight Amendment claims. To the extent Plaintiff claims that Defendants retaliated against him for filing grievances, Plaintiff makes no specific allegations with respect to Defendant Foster or Defendant Johnson. There is, therefore, no evidence demonstrating that Plaintiff is entitled to judgment as a matter of law on these claims.

Additionally, to the extent Plaintiff claims he was retaliated against in violation of the First Amendment for talking in the chow hall, Plaintiff has failed to prove that he was engaging in constitutionally protected speech to trigger the protections of the First Amendment. *See Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (to prevail on a cause of action against prison administrators who retaliate against the inmate for making complaints the inmate must establish three elements: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech"). Because there is no evidence regarding the type of speech

Plaintiff was engaged in, Plaintiff is not entitled to judgment as a matter of law. Furthermore, Defendants deny these allegations. (ECF No. 74 at 3.)

Finally, to the extent Plaintiff says Defendants subjected him to cruel and unusual punishment by denying Plaintiff meals, Defendants deny that they deprived Plaintiff of meals. (*Id.*) And to the extent Plaintiff claims Defendant Johnson prevented Plaintiff from attending his sick call appointment in violation of the Eighth Amendment, Defendant Johnson denies this allegation. (*Id.*) In short, Plaintiff has failed to demonstrate the lack of a genuine dispute of material fact on these matters. He is therefore not entitled to judgment as a matter of law.

## V.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's motion for summary judgment, ECF No. 76, should be **DENIED**.

**IN CHAMBERS** this 23rd day of March, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any</u>**

Case 5:15-cv-00232-WTH-GRJ   Document 93   Filed 03/23/17   Page 12 of 12

*Page 12 of 12*

**different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.