UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

      PLAINTIFF,

-vs-                                Case No. 5:15-cv-00232-WTH-GRJ

DERRICK JOHNSON, J FOSTER,

      DEFENDANTS.

_____/

## O R D E R

      This matter is before the Court on ECF No. 93, a Report and Recommendation that Plaintiff's motion for summary judgment, ECF No. 76, be denied.  Plaintiff filed objections at ECF No. 99, which the Court has reviewed.  Also pending is ECF No. 118, a Report and Recommendation that the motion for summary judgment filed by Foster and Johnson, the only remaining defendants in this case, be granted.  ECF No. 106. Plaintiff filed objections at ECF No. 119, which he amended at ECF No. 120.  The Court has conducted a *de novo* review of all objected-to portions of both Reports and Recommendations.  Upon consideration, both Reports and Recommendations are accepted, the Plaintiff's motion for summary judgment is denied, and the Defendants' motion for summary judgment is granted.

      In his complaint, Plaintiff alleges that he has been denied meals a total of 28 times, causing him to lose more than 50 pounds. (ECF No. 1 at 12.) Defendant Johnson allegedly denied Plaintiff seven meals in retaliation for talking. (Id. at 8.) Defendant Johnson informed Plaintiff that he was following his supervisor's instructions

to deny inmates the "privilege" to eat if they were caught violating the chow hall's no-talking policy. (Id.) Plaintiff says Defendant Foster also denied Plaintiff four meals for talking. (Id. at 9.) Furthermore, Plaintiff says that on April 30, 2015, Defendant Johnson cancelled Plaintiff's sick call appointment, "claiming Plaintiff's name was not on the list." (Id. at 8.) Sergeant Spooner checked the sick call list and later informed Plaintiff that he indeed had an appointment. (Id.) Plaintiff says the denial of medical treatment has caused him "irreparable nerve related illnesses that are now life threatening." (Id. at 13.) Plaintiff has filed numerous formal and informal grievances related to the denial of meals and medical care. (Id. at 1–2.) Plaintiff characterizes these claims as Defendants retaliating against him for talking and filing grievances in violation of the First Amendment, and acting with deliberate indifference to Plaintiff's serious medical needs and denying Plaintiff meals, both in violation of the Eighth Amendment. (Id. at 11.)

First, the Court agrees with the Magistrate Judge that Plaintiff's motion for summary judgment should be denied. ECF No. 76. In his motion, Plaintiff appears to argue that Defendants failed to timely answer his complaint, and when they did, they failed to answer any of the allegations in Plaintiff's complaint. Plaintiff therefore argues that Defendants failed to defend thereby warranting judgment as a matter of law in Plaintiff's favor. Plaintiff previously had moved for default because none of the Defendants had responded to the complaint. It turned out, however, that no returns of service had been filed, and service had not yet been executed. Accordingly, the Magistrate Judge denied the motion for default. Once they were served, the

Defendants then timely filed a motion to dismiss.  On September 22, 2016, Plaintiff filed a motion for leave to file amended request for entry of default for failure to answer the complaint. (ECF No. 63.) Plaintiff again alleged that Defendants failed to timely answer the complaint. (Id.) The Court denied Plaintiff's motion on September 30, 2016, explaining that under Fed. R. Civ. P. 12, a Defendant may serve a motion to dismiss for failure to state a claim as a responsive pleading in lieu of an answer. (ECF No. 64.) The same reasoning applies to Plaintiff's motion for summary judgment, in which he complains of "defense counsel's failure to answer any of the paragraphs filed in the Complaint's Statement of Facts" and that Defendants' response "fails to answer the Complaint as required under [Rule 12]."  ECF No. 76 at 1-2.   While the timely filed motion to dismiss was pending, the Defendants were not required to answer every charge in the Complaint.  Then, in the Answer at ECF No. 74, Defendants do, in fact, respond appropriately to the allegations of the Complaint.  Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's motion for summary judgment should be denied.

The Magistrate Judge also correctly recommends that Defendant's motion for summary judgment should be granted.  First, with regard to the sick call claim, Plaintiff has offered no evidence that the three-day delay before seeing the nurse worsened his medical condition in any way.  Also, Plaintiff could have declared a medical emergency if his condition had worsened.   Second, Plaintiff admitted in his deposition that he has no knowledge that Defendants denied him meals out of retaliation. Instead, Plaintiff readily admits that Defendants denied him meals because they were ordered to do so

to enforce the prison's no-talking during mealtime policy.  Plaintiff does not argue that prison officials cared about the content of any speech during meal times.  Instead, the rule relates only to administering a safe and efficient meal time.   Thus, Defendants' conduct did not violate Plaintiff's First or Eighth Amendment rights.  Also, even if they had, however, Plaintiff has pointed to no authority clearly establishing that Defendants' conduct—which is undisputed in this case—was objectively unreasonable. *See Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009) (once the government official proves she was acting within the scope of her discretionary authority, the burden shifts to the Plaintiff to demonstrate that the Defendant's conduct violated a clearly established constitutional right). Defendants would therefore be entitled to qualified immunity. Finally, Plaintiff's injuries are *de minimis* and thus he could not receive compensatory or punitive damages under 28 U.S.C. § 1197e(e).

For the above reasons, it is hereby

ORDERED and ADJUDGED:

The Report and Recommendation of the Magistrate Judge at ECF No. 93 and the Report and Recommendation of the Magistrate Judge at ECF No. 118 are accepted and incorporated herein.  The Clerk shall enter judgment as follows: "The Plaintiff's Motion for Summary Judgment, ECF No. 76, is denied, and Defendants' Motion for Summary Judgment, ECF No. 106, is granted."  The Clerk is directed to close the file.

DONE and ORDERED at Gainesville, Florida this 25th day of October, 2017.

**UNITED STATES DISTRICT JUDGE**